# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-30347
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY L. WILLIAMS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-148-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Anthony L. Williams challenges the substantive reasonableness of the 240-month prison term he received for possession with intent to distribute 50 grams or more of methamphetamine, following a determination that he qualified as a career offender under U.S.S.G. § 4B1.1(b). We review the sentence under an abuse of discretion standard and apply a rebuttable

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

presumption of reasonableness to the below-Guidelines sentence. *See United States v. Hill*, 80 F.4th 595, 606 (5th Cir. 2023). Our review is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (quotation omitted).

According to Williams, the district court failed to give adequate weight to several factors: his substantial assistance to the Government in a fraud investigation; the role his addiction and personal losses played in his conduct; his genuine acceptance of responsibility, remorse, and intent to address the causes of his addiction; sentencing data showing the extent of downward variances typically received by career offenders; his age of 47 at the time of conviction; his criminal history placing him at the bottom of category IV without the career offender designation; the age and nonviolent nature of his criminal history; and his employment history and earning capacity.

These arguments mirror those Williams made for a lower sentence in the district court, such that he is "effectively asking us to reweigh the district court's calculus of the relevant factors, which we will not do." *United States v. Douglas*, 957 F.3d 602, 609–10 (5th Cir. 2020). Williams' contentions amount to a disagreement with the district court's sentence and fail to rebut the presumption that his below-Guidelines sentence was reasonable. *See United States v. Fatani*, 125 F.4th 755, 762 (5th Cir. 2025).

AFFIRMED.